THE BOARD OF PUBLIC INSTRUCTION FOR NASSAU COUNTY, APPELLANT, vs. LIBERTY BILLINGS, APPELLEE.

The County Superintendent of Schools has no authority to purchase and pay for lands for school purposes without being authorized by the County Board of Instruction, and money paid by the Treasurer upon the order of the Superintendent for land purchased without such authority may be recovered by the County Board as a corporation, in an action for money had and received.

Appeal from Circuit Court of Nassau county.

*Friend & Hammond* for Appellants.

*Billings* for Appellee.

RANDALL, C. J., delivered the opinion of the court.

This is an action of assumpsit commenced by appellant for money had and received by appellee. The declaration contains but one count, setting forth that the appellee bargained with the County Superintendent of Nassau county for the sale and conveyance to the plaintiff of certain lots

of land for the price of $700, and the appellee executed and delivered to the Superintendent a deed of the lots, and received from him an order on the Treasurer of the County Board for that sum, which was thereupon paid to the appellee by the Treasurer; that the contract for said lots was without the authority of the plaintiffs; the payment was without their consent; they repudiated the acts of the Superintendent as soon as they discovered the payment, refused to receive the deed, and demanded the return of the money, which the appellee refused. The plaintiffs have further inserted in the body of the declaration the statement that the defendant had not a title in fee of the premises, and could not deliver the title and seisin according to the covenants in the deed. This is an unnecessary recital of a fact not material to the proper and complete statement of a cause of action for money had and received. The declaration is complete without it, and this recital is surplusage.

The defendant demurrs to the declaration, assuming that the action should be upon the covenants in the deed, and the court gave judgment sustaining the demurrer.

By the statute, (Acts of 1869, Chapter 1686, Sections 14 to 19 inclusive), the Board of Public Instruction of the county is a body corporate, and is authorized to purchase and hold real estate for school-house sites, &c., and to manage and control the school moneys of the county; and the County Superintendent of Schools is made the Secretary and Agent of the Board. (Sec. 17).

The Superintendent has no authority to contract for the purchase of land for school purposes, without being expressly authorized by the board. The County Board of Nassau county does not appear to have conferred any authority upon the Superintendent to purchase the lots in question, or to pay for them out of the public funds.

The defendant therefore cannot hold the plaintiffs to the contract made with their Secretary and Agent until they be shown to have authorized or ratified it, and it follows that

the money in question was wrongfully paid by the Agent of the plaintiffs, and wrongfully received by the defendant. He is therefore, upon the case made by the declaration, liable to the plaintiffs for the money so received, and the form of action chosen is appropriate.

Had the plaintiffs brought their action in covenant, they would have assumed the validity of the purchase of the lots by the Superintendent, which purchase, on the contrary, they repudiated when it was brought to their notice, and demanded the return of the money.

The judgment of the Circuit Court is reversed.