STEPHENS LUMBER COMPANY, A CORPORATION, *Plaintiff in Error*, v. WILLIAM M. CATES, *Defendant in Error*.

1.  Where the defendant does not deny the correctness of the account sued upon nor the receipt of the property included therein, but offers evidence that the account was paid in full, an implied admission of the correctness of the account is made thereby.

2.  Where there is a special contract of sale, and the contract has been breached by the seller to the injury and damage of the purchaser, he may set up the contract and its breach and the damages sustained resulting as a proximate consequence of such breach by way of set off to the claim for the value of

the goods, but a party may not purchase and retain the goods of another, and when sued for their value set up a breach of contract in the sale and purchase to defeat payment.

3. Where the contract is entire, the general rule is that if the plaintiff has failed to perform the whole on his part, he can recover nothing; for being entire, it cannot be apportioned; but if the part performance of a contract is beneficial to the promisee and has been accepted by him, though the other party can maintain no action upon the original contract, his part of which he has failed to perform, yet he may maintain a general assumpsit for the actual value of his labor and materials which the promisee has accepted and enjoyed.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the court.

*Geo. M. Powell,* for Plaintiff in Error.

*J. B. Moffet* and *W. C. Hodges,* for Defendant in Error.

PARKHILL, J.—The defendant in error sued the plaintiff in error in the Circuit Court for Leon County for a balance claimed to be due on account of the purchase price of certain lumber sold by Cates to the said company. The declaration contained the common counts. The defendant filed a plea of never was indebted as alleged. Other pleas of privilege have no bearing upon the assignments of error. The trial resulted in a verdict and judgment for plaintiff for $212.68, and the defendant sued out writ of error.

The plaintiff testified in his own behalf that he sold

and delivered five carloads of lumber to the defendant, and stated the car number and value of the lumber shipped in each car, the same as set forth in the bill of particulars. He did not measure or count the pieces, he testified as to the quantity and value of the lumber shipped after refreshing his memory from a leaf out of his ledger, the account was made up and written by him in his own handwriting at the time of the transaction from invoices made from written reports of his inspector, Mr. Cheek. This testimony was objected to, as well as the preliminary question to which it was an answer, and afterwards a motion was made to strike it out, but the courr overruled the objection to the motion, an exception was noted, and the rulings are assigned as errors. Even if the court erred thereby, the error was cured by the subsequent testimony of the only witness for the defendant, its bookkeeper, J. M. Taylor, who did not deny the correctness of the account as testified to by the plaintiff, nor the receipt of the lumber by the defendant, but testified the account had been paid in full. This was an implied admission of the correctness of the account.

The second and third assignments have been disposed of by what we have already said. The fourth and fifth assignments are expressly abandoned and will not be considered.

Upon the conclusion of the testimony, the defendant moved the court to charge the jury to render a verdict for it because "the suit is based upon common counts and it appears by all the evidence that the transactions in the suit arose out of special written contracts between the parties which have not been performed by the plaintiff." The court did not err in refusing to so instruct the jury.

When there is a special contract of sale, and the contract has been breached by the seller to the injury and

damage of the purchaser, he may set up the contract and its breach and the damages sustained resulting as a proximate consequence of such breach by way of set off to the claim for the value of the goods, but a party may not purchase and retain the goods of another, and when sued for their value set up a breach of contract in the sale and purchase to defeat payment. Dalton v. Bunn, 137 Ala. 175, 34 South. Rep. 841.

The evidence is sufficient to support the verdict, and the judgment is affirmed.

All concur, except SHACKLEFORD, J., absent.