E. M. WHITTINGTON, *Plaintiff in Error,* v. G. R. STANTON, *Defendant in Error.*

1. Where a written contract between two parties, even though it be under seal, provides among other things for a sale of side boards for the period of three years with the privilege of five, states the details of delivery, thickness &c., and provides that payment therefor shall be made on the first and not later than the 10th, of each month, for stock furnished for the previous month, to recover for such items, the plaintiff is not obliged to resort to an action of covenant, but may recover for them under the common counts in assumpsit.

2. Under a declaration upon an account stated, the cause of action is the agreement of the parties to pay the amount found to be due upon the accounting, and this may consist of various items and may include some due upon a written instrument as well as upon oral agreement, and the evidence to support the account may be wholly in writing or wholly by parol, or in part by writing and in part by parol

Writ of error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Reeves & Watson,* for Plaintiff in Error;

*Jones & Pasco,* for Defendant in Error.

HOCKER, J.—Stanton, the defendant in error, brought an action at law in the Circuit Court of Escambia County. The declaration contained only the common counts in assumpsit, one of which was "for money found to be due from the defendant to the plaintiff on accounts stated between them." The defendant filed the plea of never was indebted, and also several other special pleas which were withdrawn by him with leave of the court just before the case was submitted to the jury. On the trial a verdict and judgment were rendered for the plaintiff for $2,-090.13 and costs. The defendant has brought this judgment here for review on writ of error.

The only material questions presented by the specific assignments of error which are argued grew out of the refusal by the court to give three instructions requested by the defendant, and in the giving of two charges by the court. They are as follows:

"22nd Assignment. In this case the court charges you that the contract in evidence under which the plaintiff testified he furnished lumber is a contract under seal and that the pleadings of the plaintiff are not such as to authorize him to recover the price of such lumber in this suit."

"23rd Assignment. The court charges you that you can not in this suit find for the plaintiff for the price of any lumber furnished by the plaintiff to the defendant under the contract dated March 23rd, 1910."

"24th Assignment. The court charges you that you cannot by your verdict in this action find anything for the plaintiff for any lumber furnished in January, 1911, by the plaintiff to the defendant under the contract of March 23rd, 1910, the pleadings here not being such as to authorize any recovery therefor."

These are the three instructions requested by the defendant and refused by the court.

"25th. The court charges you that the plaintiff is entitled to recover in this action for all of the lumber delivered to the defendant at the contract price between the time delivery commenced up until the first day of February of this year, and also for such other articles of merchandise as plaintiff may have delivered to the defandant as well as for whatever amounts the plaintiff may have paid out such as paying a watchman to watch the lumber and similar items, less such amounts as have been paid according to the testimony. Your verdict should be accordingly."

"26th Assignment of Error. The court charges you that the plaintiff is entitled to recover in this action for all lumber delivered to the defendant at the contract price, between the time delivery commenced up until the first day of February of this year, less such amounts as have been paid according to the testimony."

The two last charges were given by the court.

These five assignments are grouped in the brief of plaintiff in error in the following language: "These several assignments of error as is apparent from the statement of the case sought to raise the question whether the contract being under seal, never having been rescinded, and both parties testifying that they were still proceeding under it, a recovery could be had thereon under the common counts, or whether the plaintiff should be

driven to an action of covenant on the contract itself." The contention is that the law will not imply a contract where an express one exists, and a large number of cases are cited to this effect, which is undoubtedly the general rule. In this case, however, the contract itself provided for payment on the first, and not later than the tenth of each month for all stock furnished by Stanton for the preceding month. The bill of particulars stated, and the evidence showed, the delivery of lumber under the contract, which had not been paid for, though it had been accepted and used by the defendant. So far as these items are concerned the contract had *pro tanto* been performed by the plaintiff and he was entitled to his pay. Under this state of the case the rigid rule invoked does not apply, and the plaintiff may sue on the common counts. Stephens Lumber Co. v. Cates, 62 Fla. 382, 56 South. Rep. 298.

The contention of the plaintiff in error, as we understand his briefs, is addressed entirely to the mode of procedure chosen by the plaintiff. No assignments involving the sufficiency of the evidence is presented.

It has been alleged in one of the pleas which was withdrawn that there was a written contract under seal between the parties covering the subject of litigation. It was also shown in evidence by the defendant that there was such a contract, and it was introduced in evidence, and is contained in the bill of exceptions. As to whether it was a sealed instrument we deem it unnecessary to determine. This contract, which is lengthy, provides for a sale of side-boards for the period of three years with the privilege of five by Stanton to Whittington, gives the details as to amount of delivery and prices, thickness of boards, etc. It also contains a lease of a planing mill

equipment for the same period.  Further details of the contract we think it unnecessary to give.

There is a bill of particulars attached to the declaration covering some matters which did not arise out of this contract.  The plaintiff's evidence tended to show an account stated between the parties.  Under these circumstances it seems to us that the existence of the written contract, though under seal, does not prevent a recovery by the plaintiff in this form of action.  1 Saunders on Plead. & Ev. p 48; Chisman v. Count & Hawley, 58 English Rev. Repts. 424.

In Charman v. Henshaw, 15 Gray (Mass.) 293, it is held that under a declaration upon an account stated, the cause of action is the agreement of the parties to pay the amount due upon the accounting, and not any written instrument. This amount may be made up of various items, and may include some due upon written instruments as well as upon oral agreements.  The evidence to support the account may be wholly in writing, or wholly by parol, or in part by writing and in part by parol.  2 Chitty on Pleading (16th Am. Ed.) p 34, note (h).  As the consideration for the promise under this count is the statement of the account ascertaining and fixing the sums due which constitute the debt, and not the existence of the debt itself, the original cause of the indebtedness need not be stated.  Shipmen's Common Law Pleading, 224; 1 Cyc. 395; Jacksonville M. P. Ry. & Nav. Co. v. Warriner, 35 Fla. 197, 16 South. Rep. 898; Daytona Bridge Co. v. Bond, 47 Fla. 136, 36 South. Rep. 445.

There are a number of assignments of error, but none of them except those mentioned are specifically discussed

in the briefs of the plaintiff in error. We do not discover any reversible error under these assignments.

The judgment below is affirmed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND COCKRELL, J. J., concur.