W. T. Cox, *Plaintiff in Error,* v. W. F. GROSE, *Defendant in Error.*

Division B.

Opinion filed May 17, 1929.

850

*VanFleet, Collins & Miller,* for Plaintiff in Error;

*Guss Wilder,* for Defendant in Error.

STRUM, J.—This is an action at law instituted by W. T. Cox, who is plaintiff in error here, against W. F. Grose to recover $5,000.00 paid by plaintiff to defendant as a part of the purchase money upon a written contract under seal for the sale by defendant to plaintiff of certain lands in Brevard County.

Plaintiff's declaration was upon the common counts for money received by the defendant for the use of plaintiff, and upon an account stated. No evidence was offered in support of the latter count, so the matter stands for consideration upon the count for money received by the defendant for use of the plaintiff.

Plaintiff's original bill of particulars was as follows: "W. F. Grose, debtor to W. T. Cox for Five Thousand Dollars ($5000.00) deposited with said Grose on contract for purchase of 9600 acres, more or less, situate in Brevard County, pursuant to written contract between said parties to which reference is here made for particulars; said sale having been abandoned by said W. F. Grose." Later, upon motion of the defendant for a better bill of particulars, plaintiff amended by adding to the bill of particulars a copy of the written contract hereinabove mentioned, and referred to in the original bill of particulars.

Defendant pleaded the general issue, and by special pleas set up a full performance of the contract on his part.

At the trial below, plaintiff put in evidence, without objection, a written contract of purchase and sale, under seal, dated August 21, 1925, which recites that the defendant agrees to sell and the plaintiff agrees to buy certain land described for the total purchase price of $9600.00, the payment by the plaintiff to the defendant of $5000.00 on account of said purchase price being acknowledged by the contract. The contract requires the defendant-vendor to furnish an abstract showing his title to said property to be good and marketable. No specific date within which the abstract shall be furnished is specified in the contract. A reasonable time under all the circumstances is therefore presumed. Plaintiff testified that defendant had never furnished an abstract to the property, or tendered him a deed thereto, and that he had received nothing for his payment of $5000.00 but the contract which was introduced in evidence. Plaintiff offered in evidence a letter from the defendant Grose addressed to the plaintiff, dated February 15, 1926, in which the defendant advised the plaintiff that he was enclosing with said letter copy of a letter received by him from "the title company at Titusville which is self-explanatory." In that letter defendant further stated: "I am writing them (the title company) today relative to this matter, and should hear from them in the very near future, at which time I will be glad to communicate with you." The letter from the title company advises the defendant that the description of the land embraced in the contract above mentioned was given according to an unrecorded plat, and that the title company could not furnish an abstract until the plat had been recorded, or a more definite description of the land given them, from which their title search could be made. Plaintiff also offered in evidence a telegram from

the defendant Grose, dated March 6, 1926, in which, amongst other things, defendant says, ''go ahead and get plat recorded on Titusville property and get title in shape soon as possible.'' What, if any, obligation rested upon the plaintiff to procure the recording of the plat, or to perfect the title, does not appear. An objection by the plaintiff to the admission of the letter and telegram in evidence was sustained. Plaintiff testified that nothing further was done in the matter by the defendant; that he talked with the defendant at about the date of the telegram, at which time plaintiff asked the defendant when he was going to give plaintiff the abstract, and defendant told plaintiff ''he hadn't got any word since.'' Plaintiff further testified that no part of the $5000.00 had been returned to him. There is no evidence of an express demand for the return of said money, nor of an express notice by the plaintiff to the defendant of the intention of the former to rescind the contract. About December, 1926, plaintiff instituted this action, the declaration having been filed on January 3, 1927.

At the close of plaintiff's evidence, a verdict was directed for the defendant, the trial judge apparently being of the opinion that plaintiff should have declared in special *assumpsit* as for a breach of the contract, and that the evidence did not support the common count for money had and received.

It is undoubtedly the general rule that an action in general *assumpsit* for money had and received will not lie for the breach of an express executory contract which remains of binding force and effect. General *assumpsit* will lie, however, where an express contract has been so far performed that nothing remains to be done but to pay the money due thereunder. See Stephens Lbr. Co. v. Cates, 62 Fla. 382, 56 So. R. 298; Hazen v. Cobb, 117 So. R. 853; Whittington

v. Stanton, 63 Fla. 311, 58 So. R. 489, 41 C. J. 52, 2 R. C. L. 761 (21), 788 (41).

Likewise, a count for money had and received will lie for the recovery of money paid on an unexecuted express contract which has been lawfully rescinded and the rescission was effected under circumstances consistent with the right upon the part of the plaintiff to recover the money he had paid, that is, when the plaintiff is not himself in default, has been guilty of no fraud or illegal conduct in the transaction, and has himself restored, or offered to restore, what he has received under the contract. It is immaterial whether the contract be a simple contract or one under seal. Smith v. Lamb, 26 Ill. 396, 79 Am. Dec. 381. The issue in such a case is not whether the contract has been breached, but whether it has been terminated under such circumstances as to entitle plaintiff to recover what he had paid thereunder. Of course, if the contract is executory and remains in force, not having been rescinded or otherwise lawfully terminated, general *assumpsit* will not lie. The action under the latter circumstances must be in special *assumpsit* for a breach of the contract. Evans v. Givens, 22 Fla. 476; Bacon v. Green, 36 Fla. 313, 18 So. R. 870; Board of Public Instruction v. Billings, 15 Fla. 686. In Bacon v. Green, *supra*, it was said, quoting from Brown v. Harris, 2 Gray (Mass.) 359, "It is a familiar principle of law that when money is paid by one party in contemplation of some action to be done by another, and the thing stipulated to be done is not done, the money may be recovered back in an action for money had and re-received." It was further said in that opinion, "* * * but when one party to an entire executory contract has failed to perform it on his part, and the other party is not in default, and is in a condition to rescind, he (the latter) may abandon the contract and bring action of *assumpsit* to recover back what he has paid, or for what he has done

thereunder, whenever *assumpsit* will lie independent of the contract.''

The contract here in question was originally executory and remains unexecuted. The matter under consideration therefore turns upon the question of whether the contract is still in force and effect so that the action should be in special *assumpsit* for a breach thereof, or whether the contract has been lawfully terminated by rescission under circumstances consistent with plaintiff's right to recover what he has paid thereunder, for the recovery of which a count for money had and received will lie.

Substantially the same question here involved was recently considered by this Court in Hawkins v. Garrison, 120 So. R. 309, wherein it was held that a recovery of this nature could be had under either a common count for money paid to the use of the defendant, or for money had and received by the defendant for the use of the plaintiff. As was therein stated by the Court, speaking through Mr. Justice ELLIS, that conclusion rests upon the proposition that as the defendant had received money from the plaintiff for something which he could not deliver, it is as if the defendant had received it for the plaintiff's use, or that it had been paid to him by the plaintiff at the defendant's request. The action upon the common counts last mentioned is in the nature of an equitable remedy, liberal in form and favored by the courts as a remedy.

One party to a contract cannot by himself rescind it. Where one of the parties to a contract unjustifiably .abandons it, and refuses or fails to proceed with it, such action alone may not constitute a technical rescission of the contract. Such conduct, however, may be treated as an offer to rescind, and may and generally will justify the other party in declaring a rescission of the contract and in insisting upon a restoration of the *status quo,* provided such

other party is not himself in inexcusable default. Roehm v. Horst, 178 U. S. 1, 44 L. Ed. 953; 1 Black on Rescis. and Cancell., Sec. 6. Of course, there is a recognizable distinction between a mere abandonment of a contract and a technical rescission thereof. Clark v. American Development, etc., Co., 72 Pac. R. 978.

As is said in Black on Rescis. and Cancell., Sec. 196: ''Where one of the parties to a contract repudiates it, that is, either expressly or tacitly refuses to go on with it or to perform his part of it or to recognize it as binding on him, this will give the other party (not being in default) the right to rescind the contract and to be restored to his former status as to anything he may have already done under it.'' In another part of the same section it is said: ''* * * it is a general rule that if a contract is entire and remains executory in whole or in part, and one party fails to perform what it is his duty to do under the contract, and the other party is not in default, the latter may rescind the contract. * * * So where the vendee under an unexecuted contract for the sale of land has paid the whole or a part of the purchase money, and the vendor fails to complete his engagement, the vendee may disaffirm the contract and bring an action for money had and received. See also Sec. 6 of the same work.

The contract between these parties was dated August 21, 1925. It contemplates the furnishing of an abstract within a reasonable time under all the circumstances. See McKinnon v. Lane, 82 N. E. R. 878; 120 A. S. R. 338. According to the evidence of the plaintiff the defendant recognized this obligation but did nothing in fulfillment thereof prior to the institution of this suit, which was about the month of December, 1926. *Prima facie* a sufficient period had elapsed to evince a purpose on the part of the defendant not to complete the contract, but to abandon it. Thus there had oc-

curred *prima facie* an abandonment which was tantamount to an offer to rescind on the part of Grose, the vendor-defendant, followed by the bringing by Cox, the vendee, of this action in general *assumpsit* to recover the earnest money. Such action on the part of the plaintiff constituted an election on his part to disaffirm the contract, which he was *prima facie* entitled to do under the circumstances, thereby effecting a rescission. The action therefore is not upon the contract, as for a breach thereof, but is in disaffirmance of the contract and to restore the plaintiff to his former status by compelling the defendant to return that which he had received and for which he has rendered no consideration. General *assumpsit* is therefore an appropriate remedy under such circumstances, even though the plaintiff might have elected to act in affirmance of the contract by bringing an action in special *assumpsit* for its breach, and to recover damages under the rule applicable to the latter action. Krebs Hop Co. v. Livesley, 114 Pac. R. 947, Ann. Cas. 1913 C 758.

The view that general *assumpsit* will lie under the circumstances here involved is supported by the following authorities, in addition to those hereinabove cited: Seibel v. Purchase, 134 Fed. 484; McKinnon v. Vollmar, 43 N. W. R. 800; 17 A. S. R. 178; 6 L. R. A. 121; Smith v. Lamb, 26 Ill. 396, 79 Am. Dec. 381; Murray v. Clay, 9 Ark. 39, 47 Am. Dec. 731; Keith v. Paton, 1 March (Ky.) 23; Pipkin v. James, 1 Humph. (Tenn.) 325, 34 Am. Dec. 652; Gilbert v. Maynard, 5 Johns (N. Y.) 85, 4 Am. Dec. 329; Wright v. Dickenson, 67 Mich. 580; 11 A. S. R. 602, 2 R. C. L. 788 (41), 761 (22); 41 C. J. 52; Burk v. Schreiber, 66 N. E. R. 411; Martin v. Roberts, 102 N. W. R. 126. See also Edgar v. Bacon, decided May 1, 1929, 122 So. R. 107.

There is no contention that plaintiff has not discharged his full duty toward restoring the *status quo* as a prerequi-

site to rescission. The sole contention is as to the form of action employed.

The letter and telegram excluded from plaintiff's evidence are relevant, and should be admitted if properly identified. The trial judge erred in directing a verdict for the defendant in the state of the evidence shown by this record.

Reversed.

WHITFIELD, P. J., AND BUFORD, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.