LAKE DORR LAND COMPANY, a corporation, *Plaintiff in Error,* vs. E. L. PARKER, *Defendant in Error.*

140 So. 635.

Division B.

Opinion filed February 29, 1932.

*George P. Garrett* for Plaintiff in Error;

*Duncan, Hamlin & Duncan,* for Defendant in Error.

DAVIS, J.—This was a suit at law to recover from E. L. Parker, defendant in error, upon the common counts for moneys paid, moneys received and accounts stated, the sum of $5,000.00 alleged to have been paid by the Lake Dorr Land Company, plaintiff in error, on account of the purchase price of certain property contracted to be sold under written agreement providing for the payment of installments and the giving of a purchase money mortgage prior to the execution of a conveyance.

The trial judge directed a verdict for the defendant at the conclusion of plaintiff's evidence, and rendered

judgment for the defendant. The case is here on writ of error.

The single question involved is whether or not under the terms of the written contract dated February 7, 1925, the Lake Dorr Land Company, as purchaser of certain lands from E. L. Parker, was required to continue making the several installment payments stipulated for therein, at a time when vendor was in default in failing to deliver abstracts of title under the following clause appearing in the writing by which the undertakings of the parties was evidenced:

"We will immediately proceed to have prepared abstracts of title issued by some reputable company doing business in Lake and Marion Counties, Fla., and you are to have a reasonable time to decide whether we can deliver you a marketable title and make known your objections, should we furnish you a marketable title and should you fail to perform the terms of this agreement, we are to hold as forfeit the first payment of One Thousand Dollars ($1,000)."

The evidence shows that a "binder" payment of $1,000.00 was made by the purchaser when the contract was executed. It also shows that $4,000.00 more, which became payable thirty days from date, was also thereafter paid. A third payment of $5,000.00 more was called for under the contract, on or before sixty days from February 7, 1925, and it is this payment which the purchaser declined to make because the vendor failed to have prepared and submitted to it abstracts of title as called for in the provision of the contract just above referred to.

As a matter of fact no abstracts were ever delivered or tendered for delivery by the vendor to the purchaser. The sole point offered in defense of this conduct on vendor's part is that under the terms of the written contract as entered into, the purchaser was not entitled as of right to complain of the failure to furnish abstracts

until all money payments required of him had been completed.

We are unable to so construe the agreement.

According to its terms, vendor positively obligated himself to furnish within a reasonable time abstracts of title to the lands being sold by him. Vendee was then to have a reasonable time to decide whether vendor could deliver a marketable title as well as an opportunity to make known his objections, if any, to the title disclosed by the abstract as furnished. Only in the event that a marketable title was shown as agreed, and vendee *thereafter* should fail to perform the terms of the agreement on his part by failing to make his payments, was the vendor to "hold as forfeit the first payment of one thousand dollars."

To construe the agreement otherwise, would require complete performance by the vendee of the entire contract before vendor would be bound to show by the contemplated abstracts that he had a marketable title. Referring to the specific language used in this connection we find that it is to the effect that "should we furnish you a marketable title *and* should you fail to perform the terms of this agreement, we are to hold as a forfeit the first payment of one thousand dollars." Obviously the contract contemplated delivery of the abstracts after the first $1,000.00 binder payment was made but prior to the making of the next payment in regular course. Only by such construction can the provision as to forfeiture for vendee's non-performance of "the terms of this agreement" be given its appropriate effect.

The forfeiture was to take place only with reference to the "binder" and only in the event that vendee failed to perform the terms of his own agreement. As we have pointed out, the failure to perform "the terms of this agreement" which would lead to forfeiture, was a failure to perform such terms *after* the vendee had been

given an opportunity to "decide whether" the vendor could "deliver a marketable title," so that the sale could be completed or the contract rights under it duly forfeited.

A provision in a contract for the sale of lands that an abstract shall be furnished, but specifying no stipulated time within which it is required to be furnished, is an undertaking that the abstract will be procured and furnished within a reasonable time. Cox v. Grose, 97 Fla. 848, 122 Sou. Rep. 513.

In this case there was evidence to the effect that abstracts covering the lands involved in this case could have been made up and submitted within ten days after ordering. Notwithstanding this fact, the vendor not only failed but refused to have such abstracts delivered, or to give any lawful excuse for his failure. This failure occurred prior to the time the third payment of $5,000.00 fell due, and after vendee had paid the second payment required of him. Possession of the land had not been delivered, and the purchaser finding that he was getting nothing for his money except the written contract itself, consulted Pat Johnston, an attorney at Kissimmee, who advised that further payments be withheld pending the submission of abstracts by the seller and his assurance of marketable title, or giving of security for the return of the purchase price if payment should be made. This demand the vendor refused to comply with, and the result was that the vendee rescinded the transaction and demanded return of his payments of $5,000.00 already made. Cox v. Grose, 97 Fla. 848, 122 Sou. Rep. 513.

If the vendor was in default, it was not necessary for the purchaser to go forward with the contract on his part by making payments, until the vendor's default was remedied. Harker v. Bronson, Receiver, decided at the present term; Toomer v. Chancey, 92 Fla. 458, 109 Sou. Rep. 641; Walker v. Close, 98 Fla. 1103, 125 Sou. Rep.

521. The failure of Lake Dorr Land Company to make the third payment of $5,000.00 due by it on April 8, 1925, therefore did not create a default on the purchaser's part, in view of the vendor's refusal to have prepared and submitted the abstracts of title purchaser had insisted on and which vendor agreed in his contract he would "immediately proceed to have prepared."

The mere fact that the contract set forth certain payments to be made at stipulated times specified in the written instrument, does not change the rule that the contract must be construed as a whole, and its meaning arrived at by a consideration of all its parts. Such consideration, it appears to us, supports the conclusion that it was the intention of the parties that the purchaser was to be first furnished with evidence of the seller's title to the land he was buying, before he should be required to make any payments subsequent to the $1,000.00 binder. The obligation of the vendor in this regard was to have such abstracts *immediately* prepared after the contract was executed, which the evidence shows could have been done within ten days thereafter.

In Burke v. Wallace, 98 Fla. 604, 124 Sou. Rep. 30, it was held that where vendor is not in default, purchaser, in absence of fraud on part of vendor in making contract or some agreement between parties providing therefor, will not be permitted to rescind contract and recover back money paid by him under it. The converse of the foregoing proposition is necessarily true, and upon that premise the recovery in the present case was sought by the vendee for vendor's failure to furnish abstracts as contemplated by the agreement, within a reasonable time after it was entered into.

The verdict was directed at the conclusion of plaintiff's case. At that time there was testimony sufficient to show that a reasonable time had elapsed to enable vendor to comply with his obligation to furnish abstracts.

Such being the status of the evidence, vendee was entitled to go to the jury and it was error to direct a verdict against him on the theory that under the contract sued on, the defendant was not required to establish his title as marketable until such time as all the payments provided in the contract had been made and it was incumbent upon vendor to deliver a deed.

While it is true that a vendor need not have good title at the time of entering into a contract to sell realty, it being sufficient that the contract is made in good faith and that vendor has such interest in the subject matter or is so situated with reference thereto that he can convey good title at the proper time (Burke v. Wallace, *supra*), it is also true that in this case no such contract is shown, but on the contrary, it clearly appears that the contract involved here, construed as a whole, contemplated payment of a "binder" after which abstracts were to be furnished within a reasonable time, in order to enable vendee to determine whether it would proceed with the acquisition of title or abandon the undertaking and forfeit the initial payment as specified.

It follows that the judgment must be reversed and a new trial awarded, and it is so ordered.

Reversed for a new trial.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND BROWN, J., concur in the opinion and judgment.

ELLIS, J., (Concurring).—I agree to the conclusion reached upon the authority of Cox vs. Grose, 97 Fla. 848, 122 S. R. 513. I regard the action of Parker in refusing to furnish the abstract, which he had agreed to supply within a reasonable time, as prima facie an abandonment or offer to rescind the contract and the bringing of the action by the Lake Dorr Land Company as disaffirming the contract, which prima facie it was entitled under the cir-

cumstances to do, thus effecting a rescission and authorizing a recovery under the first and second counts.

The letter written by Mr. Johnson to Mr. Parker and his wife dated at "Tavares 4-11-25" cannot however be construed as an acceptance of the defendant's implied offer to rescind or an actual abandonment of the contract. The letter distinctly submitted another proposition to continue with the trade under different conditions. One party to a contract cannot alone rescind it. See Cox v. Grose, *supra*.