ANDREWS, Judge.
A. H. Thoelke and Mattie Thoelke, his wife, as plaintiffs, instituted a suit to quiet title as to a recorded contract for deed which they had executed agreeing to sell certain property to the defendants, Charles W. Morrison and Yvonne Morrison, his wife.
The defendants filed an answer and counterclaim for specific performance of the contract. Summary judgment was granted in favor of the plaintiffs. An appeal was taken to this court, and said judgment was reversed with directions. Morrison v. Thoelke, Fla.App.1963, 155 So.2d 889.
On remand, the trial court dismissed the plaintiffs’ suit for quiet title, and granted defendants specific performance of the contract. It is from this judgment that the plaintiffs appeal.
The agreement in question was executed by the defendants and mailed to the plaintiffs, together with a check for the initial payment as provided in the contract. The plaintiffs executed the contract and mailed it to defendants’ attorney. Before the agreement was delivered by the post office, the plaintiffs by telephone notified the defendants’ attorney that they had decided not to go through with the contract, were returning the check, and requested the return of the contract. Defendants’ attorney refused and delivered the contract to defendants, who then recorded the same in the Public Records.
The record discloses that the land involved contained approximately fifteen acres; that approximately four years elapsed between the execution of the contract and the filing of suit; that there was a dispute as to who had paid the real estate taxes, although defendants introduced in evidence paid tax receipts for the four intervening years and proof that the defendants made timely demands for performance of the contract. The plaintiffs introduced no evidence at the trial except the testimony of an expert as to the increased value of the land in the intervening time. There were no improvements or substantial use of the property by either party.
The issue before the trial court was whether or not the defendants’ right to specific performance was barred by laches.
The plaintiffs did not perform nor offer to perform the contract. This they must do in order to avail themselves of the defendants’ delay as a defense. The defendants, having been ready, willing and able to perform the contract at all times and not being responsible for the delay in the consummation of the transaction, are under the circumstances of this case entitled to specific performance. Tate v. Pensacola, Gulf, Land and Development Co., 1896, 37 Fla. 439, 20 So. 542.
Affirmed.
SMITH, C. J., and ALLEN, J., concur.