OWEN, Judge.
Petitioners, who are registrants under the real estate license law, seek certiorari to the Florida Real Estate Commission to review an order adjudicating them guilty of violating F.S. Section 475.25(1)(c), F.S.A.,[1] and subjecting them to a reprimand.
The relevant facts are: On June 8, 1970, Fred M. Byrd signed a deposit receipt contract for the purchase of a vacant lot listed through petitioners’ office, at the time giving petitioners his check in the amount of $200.00 as a deposit. The owner of the lot, William A. Thorn, signed the contract on June 28th. The contract required the seller to furnish title insurance, and provided for closing within fifteen days after the title insurance binder was delivered to the buyer. However, no provision was made for a time limit on delivery of the binder, and in fact, no binder was ever delivered. During the first week in August, Byrd notified petitioners of his desire to terminate the agreement and obtain a refund of his deposit. The petitioners immediately notified Thorn of his request, but Thorn refused to accede to the same and insisted upon a forfeiture of the deposit if Byrd did not want to consummate the deal. Petitioners then advised Thorn that if he wanted to claim the deposit as a forfeiture he would have to first furnish a title insurance binder. Petitioners thereafter informed Byrd that they could not refund his deposit without the seller’s permission. Byrd then wrote a letter of complaint to the Florida Real Estate Commission. As a result of the investigation which was made, an information was filed in March, 1971. Promptly thereafter the $200.00 deposit was refunded to Byrd with Thorn’s approval.
The information which was filed against petitioners was in several counts, but only Count IV is relevant here, petitioners having been found not guilty as to the remaining counts. Count IV charged in the following language:
“(2) That upon receipt of the said conflicting demands, the defendants have *675 failed to account and pay the said earnest money deposit to the persons entitled thereto, and from the time of such conflicting demands in August, 1970, until the filing of this Information, the defendants have carelessly and negligently failed to take the steps or comply with the provisions as provided by Subsection 475.25(1)(c), Florida Statutes.”
The hearing examiner’s recommended order was approved and adopted by the Commission as its final order, and petitioners were adjudged guilty of a violation of F.S. Section 475.25(1) (c), F.S.A., as charged in Count IV of the Information.
It is apparent to us that the examiner and the Commission, as well as respondent’s counsel here, view Count IV as charging two separate violations, to-wit: (1) a failure to account and pay the earnest money deposit to the person entitled thereto, and (2) a failure to take the procedural steps set forth in F.S. Section 475.25(1)(c), F.S.A. upon receipt of conflicting claims to the earnest money deposit. In our judgment the second of these does not charge a violation.
F.S. Section 475.25(1) (c), F.S.A. charges a registrant with the duty “ . . .to account or deliver to any person money . . . which has come into his hands . . . upon demand of the person entitled to such accounting and delivery . ” The statute also provides an appropriate penalty for violation of such duty. Yet, it-is manifest that certain situations could develop, e. g., conflicting claims to an earnest money deposit, in which it would be unfair to the registrant to require that he make a determination as to when and to whom such accounting and delivery is due. Therefore, the statute wisely and fairly provides to the registrant (who finds himself in such a situation) certain “escape procedures”. Thus,
(a) if he should, in good faith, entertain doubts as to
(i)his duty to account and deliver said property, or
(ii)what person is entitled to the accounting or delivery; or
(b) if conflicting demands [for the money] have been made upon him

he may then either
(a) notify the Commission promptly, truthfully stating the facts, and ask its advice; or
(b) after notice to the Commission, shall promptly
(i) submit the issue to arbitration; or
(ii) interplead the parties; or
(iii) seek an adjudication of the question in a proper court,
provided, that having done either of the foregoing, he thereafter abides, or offers to perform (a) the advice of the Commission, or (b) the orders of the court or arbitrators. If the broker promptly utilizes either of these escape procedures, then, no information can be filed or maintained against him even though he has not accounted and delivered the money to the person entitled to it.
Succinctly, when the petitioners here were faced with conflicting claims to the earnest money deposit, they had the duty to account for and pay over the money to the person entitled to it. They could have proceeded to do so, taking the risk that they might either (a) pay it to the wrong claimant, or (b) refuse to pay it to the proper claimant; or at their option they could have avoided the risk of making an erroneous decision in this regard by promptly utilizing one of the escape procedures outlined above. The point is, that while such procedures are available to relieve the registrant from a dilemma, (and prudence would seem to dictate the use of one or the other in such a situation as here) the statute does not make the use of any of such procedures obligatory. Hence, the registrant’s failure to utilize any of such pro *676 cedures is not a violation of F.S. Section 475.25(1)(c), F.S.A. To the extent that the final order is deemed to find petitioners guilty of a violation in this respect the same is quashed.
Count IV did charge the petitioners with a violation, however, i. e., failure to account and pay the earnest money deposit to the person entitled thereto. From our examination of the record made below, we determine that the Commission had before it competent substantial evidence to support its findings and judgment as to this charge, and that it accords with the essential requirements of the law. De Groot v. Sheffield, Fla. 1957, 95 So.2d 912.
Petitioners contend: (1) that since all parties were aware that the earnest money deposit was in petitioners’ escrow account, the funds were satisfactorily accounted for, and that since the seller would not give his consent petitioners had no duty to refund the deposit to the buyer, citing as authority for this position Shelton v. Florida Real Estate Commission, Fla.App. 1960, 120 So.2d 191, and Rivard v. McCoy, Fla.App.1968, 212 So.2d 672; (2) that in any event, the buyer was not entitled to have the deposit refunded at the time that he made his initial demand for such in August, 1970; and (3) that the 'buyer’s complaint to the Commission sufficed to give the same notice as would notification by the petitioners. We will discuss each briefly.
Because we have the view that the statute places upon the registrant (the petitioners here) a clear mandatory duty to deliver, upon demand of the person entitled to such, any money which is in the registrant’s hands, the failure to perform such duty cannot be justified simply because there are conflicting claims to the money, absent the registrant’s timely utilization of one of the escape procedures discussed above. Regrettably, this view would appear to conflict with the holding in the Shelton case, supra, and with dicta in the Rivard case, supra.
Petitioners’ contention that the buyer was not entitled to the deposit at the time of making his demand in August, 1970, is grounded upon the premise that the seller was not then in default, no time having been specified within which he should deliver the title insurance binder. In the absence of an express agreement in this respect, the law implies a reasonable time. Lake Dorr Land Co. v. Parker, 1932, 104 Fla. 378, 140 So. 635. At the time the buyer made a demand for return of the deposit, five weeks had expired since the seller accepted and signed the deposit receipt agreement. Absent some extenuating circumstances (not shown in this record) it would seem that this period of time would be more than a reasonable time within which to furnish a title insurance binder on a relatively uncomplicated transaction of this type, but we need not and do not expressly so hold. We think it clear, however, that the buyer was entitled to a refund of the deposit at such time as the seller had breached the agreement, i. e., when he still had not delivered a title insurance binder after having had a reasonable time to do so, and that this breach necessarily occurred several months before the deposit was ultimately refunded to the buyer in March, 1971.
Finally, petitioners contend that because the buyer made a formal complaint to the Commission immediately after the seller refused to authorize a refund of the earnest money deposit, no useful purpose would have been served by the petitioners notifying the Commission of the facts and seeking its advice. Consistent with our view that this is an optional procedure which a registrant may use under certain circumstances if he so elects, we think it clear that a registrant cannot claim the benefits of a procedure which he has not initiated and with which he has not substantially complied.
*677 The order reviewed is modified to conform to this opinion. The petition for cer-tiorari, addressed to the order as thus modified, is denied.
Certiorari denied.
REED, C. J„ and SILVERTOOTH, LYNN, Associate Judge, concur.

. “475.26 Grounds for revocation or suspension.— (1) The registration of a registrant may be suspended for a period not exceeding two years, or until compliance with a lawful order imposed in the final order of suspension, or both, upon a finding of facts showing that the registrant has: * * * (c) Failed to account or deliver to any person, including registrants under this chapter, any personal property such as money, fund, deposit, check, draft, abstract of title, mortgage, conveyance, lease, or other document, or thing of value, including a share of a real estate commission, or any secret or illegal profit, or any divisable share or portion thereof, which has come into his hands, and which is not his property, or which he is not in law or equity entitled to retain, under the circumstances, and at the time which has been agreed upon, or is required by law, or, in the absence of a fixed time, upon demand of the person entitled to such accounting and delivery; provided, however, that, if the registrant shall, in good faith, entertain doubt as to his duty to account and deliver said property, or as to what person is entitled to the accounting and delivery, or if conflicting demands therefor shall have been made upon him, and he has not appropriated the property to his own use, or intermingled it with his own property of like kind, he may notify the commission promptly,' truthfully stating the facts, and ask its advice thereon, or after notice thereof to the commission, shall promptly submit the issue to arbitration by agreement of all parties or interplead the parties, or otherwise seek an adjudication of the question, in a proper court, and shall abide, or offer to perform, the advice of the commission or the orders of the court, or arbitrators, no information against him shall be permitted to be maintained ;....”