436 So.2d 1053 (1983)
JAY VEE REALTY CORP., Appellant,
v.
JAYMAR ACRES, INC., a New York Corporation Authorized to Do Business in the State of Florida, Appellee.
No. 82-416.
District Court of Appeal of Florida, Fourth District.
August 31, 1983.
*1054 Larry Klein, West Palm Beach, for appellant.
Jack F. Weins of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellee.
DELL, Judge.
The seller appeals a final judgment of the trial court ordering specific performance of a contract for the sale of real estate.
Appellant as seller and appellee as buyer entered into a contract for the sale of real estate. The contract required appellant to furnish an abstract of title to appellee within fifteen days of execution of the contract. The parties also made appellee's duty to close conditional upon appellee being able to obtain plat approval for two hundred dwelling units from the appropriate government agency. The contract contained the following remedies provision:
DEFAULT: If Buyer fails to perform any of the covenants of this contract, all money paid pursuant to this contract by the Buyer shall be retained by or for the account of the Seller as consideration for the execution of this contract, and as agreed and liquidated damages and in full settlement of any claims for damages. If the Seller fails to perform any of the covenants of this contract, all money paid pursuant to this contract by the Buyer, at the option of the Buyer, shall be returned to the Buyer on demand, or the Buyer shall have only the right of specific performance.
Appellant never provided the abstract and appellee never obtained plat approval. Some fourteen months after execution of the contract, appellant wrote to appellee, stating that appellant considered the contract terminated and announced its intention to retain appellee's deposit. Appellee filed suit for specific performance.
The trial court found that the contract contained no date for closing; that the contract required appellant to furnish appellee a complete abstract of title; that appellee was not in default at the time appellant sent its termination letter; that appellant never demanded closing nor tendered any closing documents or deed; and that appellee's failure to obtain plat approval within fourteen months from execution was not unreasonable under the circumstances of this case. The court entered final judgment directing appellant to specifically perform its contract.
Appellant challenges the judgment upon two grounds. Appellant first claims appellee could not recover a decree for specific performance by reason of appellee's failure to secure plat approval in a diligent fashion. Second, appellant contends that during the interval between execution and termination of the contract, it could not have sought any relief or obtained any remedy against appellee for the latter's failure to obtain plat approval. Thus, appellant reasons, lack of mutuality of remedy precludes specific performance.
*1055 Although appellee did not obtain plat approval during the fourteen months after execution of the contract, the record supports the trial court's findings that the lapse was not unreasonable, particularly since the contract contained no time for performance of this condition. Moreover, appellee filed suit within thirty days of appellant's attempted termination of the contract. In order for a defendant to raise delay as a defense to specific performance, the defendant himself must have performed or offered to perform all terms of the contract. Tate v. Pensacola, Gulf Land & Development Co., 37 Fla. 439, 20 So. 542 (1896); Wilson v. Odom, 215 So.2d 37 (Fla. 1st DCA 1968); Thoelke v. Morrison, 172 So.2d 604 (Fla. 2d DCA 1965). Appellant has not demonstrated that it ever provided or tendered an abstract of title, as required by the contract of sale.
Appellants did not raise lack of mutuality of remedy by affirmative defense as required by Rule 1.110(d), Florida Rules of Civil Procedure and this Court's decision in Con-Dev of Vero Beach, Inc. v. Casano, 272 So.2d 203 (Fla. 4th DCA 1973), and the matter does not appear to have been tried by consent below. However, appellee has not argued appellant's failure to present mutuality of remedy to the trial court and has treated the matter on its merits.
In essence, appellant contends that it could not have forced appellee to purchase the land, relying upon Con-Dev of Vero Beach, supra. Therein, the plaintiff agreed to purchase an apartment in a condominium yet to be built by defendants. Defendants never built this condominium, but instead built a condominium building, "markedly different in layout and scope and more expensive as to unit cost... ." Id. at 205. Plaintiff then sued for specific performance and defendant pleaded impossibility and lack of mutuality of remedy as affirmative defenses. The trial court granted the plaintiff's motion to strike these affirmative defenses, and the defendant took an interlocutory appeal directed to this order. This Court reversed.
In suits for specific performance of a contract there must be mutuality of obligation and remedy. [Citation omitted.] The facts stated in defendant's affirmative defenses show there could be no mutuality of remedy in this instance. Since the building was never constructed, plaintiffs could not have been forced to specifically perform and purchase a non-existent apartment.
Id. at 206. [Emphasis added.]
Here, appellee may not be able to obtain plat approval for two hundred dwelling units on the property, due to changes in zoning ordinances, but the plat approval did not constitute the substance of the contract, as did the apartment in Con-Dev of Vero Beach. Plat approval constituted a condition of the contract, which appellee could waive, and in fact did waive by filing the instant litigation. The subject matter of the contract, the land, exists and is capable of transfer.
Moreover, a seller of land may contractually limit his remedy to liquidated damages and forego the remedy of specific performance without destroying mutuality of remedy. Vance v. Roberts, 96 Fla. 379, 118 So. 205 (1928).
We find no merit in appellant's assertion that the absence of a provision limiting the time for performance of appellee's duty to obtain plat approval destroyed mutuality of remedy. Where a contract for the sale of real estate fails to specify time for performance, the law implies a reasonable time. See, e.g., Lake Dorr Land Co. v. Parker, 104 Fla. 378, 140 So. 635 (1932); Cohodas v. Russell, 289 So.2d 55 (Fla. 2d DCA 1974); Grieser v. Myers, 267 So.2d 673 (Fla. 4th DCA 1972). Here, the trial court resolved this issue in favor of appellee. The record as a whole supports the trial court's finding that appellee was not in default and that failure to close within fourteen months was not unreasonable under the circumstances of this case.
Accordingly, we affirm the judgment of the trial court in favor of appellee.
AFFIRMED.
LETTS, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.