JOHANNA BRIXEN, Appellant, v. SOREN K. JORGENSEN and others, Respondents.

No. 1580.    (78 Pac. 674.)

Vendor and Purchaser: Default of Purchaser: Remedy of Vendor: Ejectment.

A vendor in a contract of sale which does not provide that time is of the essence, nor stipulate for a forfeiture on failure to pay the price, is not entitled to maintain ejectment against the purchaser, who has paid a part of the price and has taken possession, because of his failure to pay the balance, without showing an abandonment of the contract.

(Decided December 2, 1904.)

Appeal from the Third District Court, Salt Lake County.—*Hon. W. C. Hall*, Judge.

Action in ejectment. From a judgment for defendants, the plaintiff appealed.

AFFIRMED.

*Messrs. McGurrin & Gustin* for appellant.

The vendee in possession under an executory contract is in all cases under legal obligation to promptly pay the stipulated purchase money at the time or times when it may become due, and to faithfully perform any of the conditions precedent upon which the sale is based; and failing in this, the vendor has a right to elect whether he will abandon the contract and re-enter upon his lands, or hold the vendee to his agreement, if the contract is such a one as can be enforced by compelling specific performance. In the former event he may, if he sees fit, treat the vendee as his tenant, and recover against him for the use and occupation of the land, or he may regard him as a trespasser and eject him by suit. 2 Warvelle on Vendors, sec. 885; Hicks v. Lovell, 27 Pac. (Cal.) 942; Jackson v. Miller, 7 Cow. (N. Y.) 751; Gibbs v. Sullens, 48 Mo. 237; Dean v. Comstock, 32 Ill. 173; Harle v. McCoy, 7 J. J. Marsh, Ky. 318.

The law is well settled that where a person goes in possession under a contract of purchase, with the consent of the vendor, and then makes default in the payment of the purchase price or otherwise fails or refuses to comply with the terms of the contract, he or his assignee may be turned out by the vendor in an action of ejectment. 10 Am. & Eng. Enc. of Law (2 Ed.), p. 496; Hicks v. Lovell, ante; Burnett v. Caldwell, 9 Wall. (U. S.) 290, L. Ed. 712; Railroad v. Mudd, 59 Cal. 585; Kearns v. Dean, 77 Cal. 555; Connolly v. Hinckley, 82 Cal. 642, 23 Pac. 273; Hannah v. McNickel, 82 Cal. 122, 23 Pac. 272.

In Burnett v. Caldwell, ante, it is said: Upon de-

fault in the payment of any installment of the purchase money, the possession becomes tortious and the vendor may at once bring ejectment, Jones v, Bowling, 117 Mich. 292, 75 N. W. 612; DeBernardi v. McElroy, 110 Mo. 657, 19 S. W. 620; Twyman v. Hawley, 24 Gratt. 513, 18 Am. Rep. 661. Brown v. Devitt, 131 Pa. St. 455; Newell on Ejectment, p. 162.

If a vendee fails to comply with the terms of the contract under which he obtained possession, the vendor is at liberty  .  .  .  to regain possession by ejectment. 2 Boone on Real Prop., sec. 387; Jackson v. Walker, 7 Cow. 637; Tibbs v. Morris, 44 Barb. 138; Burnett v. Caldwell, ante.

When a contract was entered into for the sale of land by the terms of which the purchaser was to pay $500 down and enter into immediate possession, the second installment was to be paid in ten months and the residue at deferred periods and the vendor was to execute a deed in two months after the first payment was made, it was held that the vendor could maintain ejectment on default in the payment of the second installment although the first instalment had been punctually paid and the vendor had not, before beginning suit, tendered a deed. Keys v. Mason, 44 Tex. 144; Wright v. Moore, 21 Wend. (N. Y.) 230.

The refusal of the vendee amounts to an abandonment on his part: and should the vendor in the exercise of his election assent to its abandonment, a complete dissolution of the contract is effected by the mutual and concurring assent of both  parties: and neither  party may thereafter invoke its terms or protection as against the other.    The vendor is by this event restored to his original position; he cannot now sue for a breach nor compel a specific performance because the contract itself has been dissolved; but he is at liberty to maintain ejectment to recover the possession of the land to which he has the legal title. 2 Warvelle on Vendors, sec. 886; Wright v. Moore, 21 Wend. (N. Y.) 230; Dean v. Comstock, 32 Ill. 173; Hicks v. Lovell, ante; Graves v. White,

87 N. Y. 465; Keyes v. Mason, 44 Tex. 144; Thorn v. Hammond, 46 Cal. 530; Jackson v. Moncrief, 5 Wend (N. Y.) 26; Williams v. Forbes, 37 Ill. 148.

The prevailing rule is to the effect that when the purchaser of land has made default in the payment of money under an executory contract, no notice to quit is necessary, nor any demand of the amount due, or of the possession, or tender of a deed, before bringing an action of ejectment. 3 Boone on Real Prop., sec. 463; Hotaling v. Hotaling, 47 Barb. 167; Brumfield v. Brown, 41 Am. Dec. 217; McLane v. White, 5 Minn. 178; Dean v. Comstock, 32 Ill. 173; Coates v. Clive, 92 Cal. 427; Seabury v. Doe, 58 Am. Dec. 254; Wright v. Moore, 21 Wend. 230.

The other reason advanced by counsel for respondents in support of their motion to dismiss the complaint was because the evidence did not show that the appellant had returned to the respondents the sums paid by them on the purchase price of the land. Upon the failure of the respondents to comply with the terms of the contract the appellant was warranted in treating it as rescinded and could maintain ejectment without returning the sums previously paid. 2 Warvelle on Vendors, sec. 810; Hoffman v. Remmant, 72 Cal. 1, 12 Pac. 804; Hannan v. McNickle, 82 Cal. 122; Railroad v. Mudd, 59 Cal. 585; Seabury v. Stewart, 22 Ala. 207-217.

A neglect or refusal of either party to perform on his part will, as a rule, place it in the power of the other party, where he is not also derelict, to avoid the contract at his pleasure. Hence a failure to meet payments at the time or times reserved, may be treated by the vendor as an abandonment and he may rescind the contract and sell to another. And in such case the vendee will not be entitled to recover back the money he may have advanced in part performance. 2 Warvelle on Vendors, sec. 828; Green v. Green, 9 Com. (N. Y.) 46; Reddish v. Smith, 10 March 178; Kelhum v. Ewrston, 13 Johns (N. Y.) 359; Carney v. Neuberry, 24 Ill. 203.

*A. E. Christensen, Esq.,* and *P. P. Christensen, Esq.,* for respondents.

It is sufficient defense to an action in ejectment in this court where in equity and law are administered by the same judge to plead a contract of purchase, and when such a plea is made the only action that will properly lie is one to foreclose a vendor's lien. "An equitable defense to ejectment is good. Equity will relieve against a forfeiture." Cythe v. La Fontain, 51 Barb. (N. Y.)186.

Cannot maintain ejectment because since the adoption of the practice permitting equitable defences to action at law, vendee may rely upon his equitable title. Vendor is only entitled to lien on the property for the purchase money and the remedy is to foreclose the lien. Martin v. Dickson, 90 Ky. 572.

In the following States the remedy pursued is the foreclosure of the vendor's lien. Bankhead v. Owen, 60 Ala. 457; Chappman v. Liggitt, 41 Ark. 292; Webb v. Robinson, 14 Ga. 216; Keller v. Lewis, 53 Cal. 113; Dibblee v. Mitchel, 15 Ind. 433; Hill v. Pickett, 91 Ky. 644; Christopher v. Christopher, 64 Md. 583; Walker v. Casgrain, 109 Mich. 604; Rulland v. Brister, 53 Miss. 683; Pratt v. Clarke, 57 Mo. 189; Graves v. Conlant, 31 N. J. Eq. 763; Bates v. Childress, 5 N. Mex. 62; Frusom v. Bissell, 63 N. Y. 168; Allen v. Taylor, 96 N. Car. 37; Flanagan v. Cuchman, 48 Tex. 24; Manly v. Slason, 21 Vt. 271; Chilton v. Braiden, 2 Black (U. S.) 458. See 22 Encyclopedia of Pleading and Practice, 661 and the numerous cases therein cited.

Vendor must first rescind the contract and place the vendee *in statu quo* by returning to him the money paid on the contract together with legal interest. Fink v. Thomas, 20 Ore. 265, 25 Pac. 717; Bahall v. Diller, 41 Cal. 532; Gay v. Altir, 102 U. S. 79; Staley v. Murphy, 47 Ill. 241; Murphy v. Lockwood, 21 Ill. 615.

There is no evidence in the record to show that these conditions were complied with. When the ven-

dor by a contract to convey has not affirmatively pro-
vided that time shall be the essence of the contract, a
court of equity will ordinarily infer that interest on the
deferred payments to be a sufficient compensation for
the delay. "Compensation" and not "forfeiture" is
a favorite maxim with the court of equity. Fink v.
Thomas, supra; Knott v. Stephen, 5 Ore. 235; Brock
v. Hiddy, 13 Ohio St. 306; Kink v. Ruckman, 20 Md. Eq.
316.

He who seeks to avail himself of a forfeiture must
be held strictly within the limits of the authority which
gives the right. Palmer v. Ford, 70 Ill. 369; Sanford
v. Weeks, 38 Kan. 319; Steel v. Branch, 40 Cal. 3.

Equity will not enforce a forfeiture. Kenner v.
Lewis, 53 Cal. 113; White v. Railway, 13 Mich. 356;
Fletcher New Orleans v. Railway, 20 Fed. 345; Land
Co. v. Parry, 23 Kan. 140.

It will be noticed that the cases cited in plaintiff's
brief, wherein ejectment was held to lie, were cases
wherein there was either an actual abandonment of the
contract by the vendee or a rescission by the parties.

BASKIN, C. J.—This is an action of ejectment to
recover possession of the tract of land described in the
complaint. The case was tried without a jury. The
findings of fact and conclusions of law in the court be-
low fully appear from the following extract from the
opinion of the trial judge, which is set out in the record,
to-wit: "From the evidence submitted at the trial, I
find that neither the plaintiff nor the defendants have
set out the terms of the contract of sale and purchase in
the complaint or answer. The evidence shows that the
contract was in writing, but that it has been lost and
cannot be found. By its terms the plaintiff agreed to
sell to the defendants, and the defendants to purchase
from the plaintiff, the land described in the complaint,
with four shares of first-class water right, to be used in
irrigating the lands until about the 1st day of July of
each year, and two shares for the balance of the year,

ending December 31st, for the sum and purchase price of $2,500, payable as follows: Cash, $250; March 1, 1902, the further sum of $750; and March 1, 1905, the further and final sum of $1,500—with interest on the deferred payments at the rate of six per cent per annum. At the execution and delivery of the contract, the defendants paid plaintiff $250, and subsequently entered into possession of the premises, and have ever since been and are now in such possession. Also that between March and June, 1902, defendants at various times made partial payments aggregating $250, and also on July 9 or 10, 1902, paid $200 more, making a total payment of $450 upon the installment of purchase money to be paid March 1, 1902, and leaving a balance of $300 due and unpaid upon that installment; and that no other payments have been made by the defendants to the plaintiff. It is not stipulated in the contract that time was of its essence, nor did the contract contain a provision for forfeiture upon failure to pay any part of the purchase money. The evidence does not show that there was a rescission or cancellation or an abandonment or repudiation of the contract of purchase; and, time not being of the essence of the contract, it would seem that the action of ejectment, as in this case, is not the proper remedy; that the plaintiff has a vendor's lien upon the premises to secure the payment of the purchase money, and her action is one to foreclose such lien." There are no exceptions to the findings of facts. A judgment dismissing the action was made and entered. The appeal is from that judgment.

The law applicable to the facts found is aptly stated in 7 Ency. Pl. & Pr. 319, 320, as follows: "Ejectment may be maintained by a vendor to recover possession of real estate from a purchaser who has gone into possession, with the permission of the vendor, under a contract of purchase, with the terms of which he fails or refuses to comply; the vendor being then at liberty to treat the contract as rescinded, provided the contract be first legally rescinded by the vendor, by repaying the

purchase money already paid, with legal interest there-
on, less a fair rental for the premises, and delivering up
the notes or bonds given for the balance of the purchase
money, or offering to do so. In other words, the vend-
or must place the vendee *in statu quo.* This at least is
the general rule.'' See cases therein cited; also Statley
v. Murphy, 47 Ill. 241; Bohall v. Diller, 41 Cal. 532;
Frink v. Thomas, 20 Or. 265, 25 Pac. 717, 12 L. R. A.
239.

We are of the opinion that, under the facts found,
ejectment cannot be maintained. As to the proper
remedy, we express no opinion.

The judgment is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.