SOUTH FLORIDA FARMS COMPANY, A CORPORATION, *Plaintiff in Error*, v. C. A. HALL, *Defendant in Error*.

Opinion Filed August 16, 1922.

Petition for Rehearing denied October 19, 1922.

1. An action of ejectment cannot be successfully maintained by a vendor against his vendee who is in possession under an executory contract to purchase, who is not in default in the performance of his contract.

2. An action of ejectment is maintainable by a vendor against his vendee in possession under an executory contract to purchase and who is in default, time not being of the essence of the contract, only after notice of recission by the vendor, allowing a reasonable time for the performance by the vendee.

A Writ of Error to the Circuit Court for Glades County, George W. Whitehurst, Judge.

Affirmed.

*Leitner & Leitner*, for Plaintiff in Error;

*Treadwell & Treadwell,* for Defendant in Error.

WEST, J.—This is an action of ejectment. The declaration is in the statutory form. The plea is not guilty. Verdict and judgment were for defendant. Plaintiff took writ of error and assigns as errors the court's order overruling its motion for a new trial and entering judgment in favor of defendant.

Plaintiff, so far as this record discloses, is owner of the premises. Defendant is in possession under an executory contract to purchase same from the plaintiff. Upon the trial plaintiff sought to prove that there had been such a breach of the contract to purchase by defendant as to entitle it to rescind the contract and demand possession of the premises.

The rule generally, and with which this court is in accord, is that an action of ejection may not be successfully maintained at the instance of a vendor against his vendee who is in possession under an executory contract to purchase and who is not in default. And even when the vendee is in default the rule in this and other jurisdictions is that such action may be successfully maintained only after notice of recission by the vendor, allowing a reasonable time to vendee for performance. Warvelle on Ejectment, Section 146; 9 R. C. L. 863; Felt v. Morse, 80 Fla. 154, 85 South. Rep, 656; Norris v. Billingsley, 48 Fla. 102, 37 South. Rep. 564; Chabot v Winter Park Co., 34 Fla. 258, 15 South. Rep. 756; Tally v. Kingfisher Imp. Co., 24 Okla. 472, 103 Pac. Rep. 591, 20 Ann. Cas. 352; Brixen v Jorgensen, 28 Utah, 290, 78 Pac. Rep. 674., 107 Am. St. Rep. 720 and note. No such default by defendant is shown in this case as to require consideration of its provision making time of the essence of the contract.

A recital of the evidence at this stage of the controversy would be of no profit. It does not require a judgment for plaintiff.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, AND ELLIS, J. J., concur.