LATIN-AMERICAN BANK, A CORPORATION, *Appellant,* v. S. H. ROGERS, AS TRUSTEE IN BANKRUPTCY OF THE ESTATE OF J. W. TEASLEY, BANKRUPT, *Appellee.*

Opinion Filed February 15, 1924.

This case was decided by Division B.

1. The title of the owner who has entered into an executory contract to convey land is subject to levy and sale as "lands and tenements" under execution.

2. The vendee in possession under an executory contract to purchase land may not dispute his vendor's title or set up as a defense any outstanding title acquired by him, the vendee, during the continuance of such possession.

3. The purchase at an execution sale against his vendor by a vendee while he remains in possession of the land which he is under an executory contract to purchase, entitles him to defend only to the extent of the amount paid by him.

4. The vendee in possession of land under an executory contract to purchase is estopped from denying his vendor's title or from acquiring title to the land by purchase at an execution sale against his vendor.

5. The vendee in possession of land under an executory contract to purchase the same will not be permitted, while continuing in possession under the contract, to deny his obligation.

6. The vendee in an executory contract to purchase land may be entitled to credit on his contract for amounts paid in the discharge of valid liens upon the land antedating and superior to his contract.

7. Purchasers of land are chargeable with notice of liens, conveyances, contracts, or judicial proceedings affecting the title

or ownership to such land disclosed by official records required to be made and kept 'of such liens, conveyances or judicial proceedings.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

*Shackleford & Parks,* for Appellant;

*McKay & Withers,* for Appellee.

WEST, J.—This is an appeal by one of several defendants from an interlocutory order sustaining exceptions to and striking designated paragraphs from an answer and sustaining a demurrer to a cross-bill of the defendant, who is appellant here. This order is assigned as error. In principle the questions presented by the striking of averments from the answer and sustaining the demurrer to the cross-bill are the same.

The following is in substance the material facts, according to the allegations of the bill:

On January 11, 1910, J. W. Teasley acquired title in fee simple to lot 3 of block 8 of Macfarlane's Addition to West Tampa, and on January 20, 1912, he entered into a written contract with Pietro Georgianni to convey said lot to him for a consideration of $4,000 payable $1,000 cash and $40 per month thereafter until fully paid. This contract was on March 15, 1913, duly recorded and Georgianni, the vendee, entered into possession of said lot and has, according to the allegations of the bill of complaint, since the date of said contract "continued to hold possession of said real estate by virtue alone of said contract of sale." There was, on December 3, 1914, an attempt by Teasley, the vendor, to assign this contract to defendant Charity T. Miles, which assignment, after a period of pro-

tracted litigation to which the complainant S. H. Rogers as trustee in bankruptcy of Teasley was a party, was finally, in April, 1919, adjudicated to be ineffectual. The vendee Georgianni, under said contract to purchase, has been in default in his payments since December, 1914, leaving a balance due thereon, as alleged, of $2442.67.. On May 1, 1914, T. R. Moates recovered in the circuit court of Hillsborough county a judgment against Teasley for $735.82, and upon execution issued thereon said lot was, on February 1, 1915, sold at public sale and purchased by Georgianni for the consideration of $10, whereupon, pursuant to said sale, deed therefor was made and delivered to him by the sheriff of the county. After obtaining this deed Georgianni paid off certain judgment and mortgage liens upon said lot antedating his contract of purchase, but after allowing credit for the amounts so paid there remains a balance due on said contract of $1589.97. On February 14, 1921, Georgianni, joined by his wife, executed to defendant Latin-American Bank a mortgage on said lot to secure the payment of a note made by him to the bank for $1950, payable with interest one year after date. On January 30, 1915, Teasley, the vendor, was duly adjudged a bankrupt, and on February 10, complainant, S. H. Rogers, was duly appointed trustee of the bankrupt estate. And on July 7, 1921, said Georgianni, the vendee, was duly adjudged a bankrupt, and on August 5, 1921, the defendant F. J. Cortino was appointed trustee of the bankrupt estate.

Defendant, Georgianni by answer admits in the main the salient facts alleged, but denies the legal effect deduced therefrom by complainant. He avers in substance that by purchase upon the execution sale under the Moates judgment he acquired title to the lot and was thereby absolved from further obligation under his contract of purchase; and that his mortgage subsequently made to the Latin-

American Bank was for a valuable consideration and without notice by it of any defect in his title. The answer of defendant Latin-American Bank and its cross-bill to foreclose the mortgage are predicated upon the same theory. The paragraphs of the answers interposing this defense were stricken and from this order, by which the court also sustained a demurrer to the cross bill, this appeal was taken by defendant Latin-American Bank.

The theory of complainant primarily is that from the time of the execution of the contract of sale Teasley, the vendor, held the property in trust for Georgianni, the vendee (Felt v. Morse, 80 Fla. 154, 85 South. Rep. 656; Ins. Co. v. Erickson, 50 Fla. 419, 39 South. Rep. 495); that such interest as he held was equitable only and therefore not subject to levy and sale under execution (Evins v. Gainesville Nat'l Bank, 80 Fla. 84, 85 South. Rep. 659; Guggenheimer v. Davidson, 74 Fla. 485, 77 South. Rep. 266); that the interest of Teasley not being leviable, the sale under the Moates execution was without effect to divest him of his interest or to transfer it to the purchaser; and secondarily, that if the interest of Teasley, after the execution of the contract, was leviable, Georgianni, the vendee in possession under the contract, was estopped from acquiring the interest of his vendor at such sale (Lake v. Hancock, 38 Fla. 53, 20 South. Rep. 811); that he is entitled only to a credit on his contract of purchase of the amounts paid as agreed by said contract to be paid, with interest, the amount paid at the execution sale, with interest, and the amounts paid in satisfaction of prior judgment and mortgage liens on the lot, with interest; that defendant Latin-American Bank, the appellant here, because of the record of the purchase contract, the records in the various legal proceedings involving the property, including a *lis pendens* notice in the Miles suit, and the several bank-

ruptcy proceedings, is chargeable with notice of complainant's claim and of Georgianni's limited interest in the property at the time of its acceptance of the mortgage on the lot; and that Rogers, trustee in bankruptcy, stands in the place of Teasley, with all the rights that he possessed to maintain the suit to foreclose the contract.

That the complainant as trustee of Teasley, bankrupt, may maintain the suit is conceded. Bankruptcy Act, §70 (a); 2 Remington on Bankruptcy, 1137; Beasley v. Coggins, 48 Fla. 215, 37 South. Rep. 213.

By statute "lands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to levy and sale under execution." §2822, Rev. Gen. Stats.

While it is true that from the time the owner of land enters into a binding contract for its sale he holds it in trust for the purchaser, his interest is something more than an equitable estate. The contract does not operate to transfer the legal title of the property to the vendee. Upon full payment of the agreed purchase price the estate of the vendee may ripen into a complete equity entitling him to a conveyance of the legal title according to the terms of the contract, but the legal title remains in the vendor. For the purpose of this case it is unnecessary to go further than to state that the legal title is in the vendor. That this is true in this jurisdiction is outside the realm of controversy, since the vendor's right to maintain ejectment against a vendee in default has in several cases been recognized. South Florida Farms Co. v. Hall, 84 Fla. 233, 93 South. Rep. 687; Norris v. Billingsley, 48 Fla. 102, 37 South. Rep. 564; Chabot v. Winter Park Co., 34 Fla. 258, 15 South. Rep. 756. The Florida cases relied on do not militate against the view that the interest of the vendor is an executory contract to convey land is subject to levy and

sale under execution. They deal with interests recognized to be no more than equitable assets. That the interest of a vendor under such a contract is leviable is held in the following authorities: Tiffany Real Property, 2 ed. vol. 3, p. 2781; Freeman on Executions, 3 ed. §181; Searle v. Bird, 94 Wash. 21, 161 Pac. Rep. 838; Reid v. Gorman, 37 S. D. 314, 158 N. W. Rep. 780; Coggshal. v. Marine Bank Co., 63 Ohio St. 88, 57 N. E. Rep. 1086; Minneapolis &c. Ry. Co. v. Wilson, 25 Minn. 382; Ware v. Jackson, 19 Ga. 452. That the vendor's interest is, under the statute of this State, subject to levy and sale under execution as "lands and tenements" seems to be clear.

Whether the vendee, under an executory contract to purchase, may become the purchaser, upon an execution sale, of the interest of his vendor and thereby acquire title to the property and become thereby discharged of any obligation under his contract of purchase, is more difficult of solution.

That a vendee in possession under an executory contract to purchase land may not set up, as against the title of his vendor, an outstanding encumbrance or paramount title in a third person, is a doctrine so well founded in principle and so firmly established as to admit of no negation. 27 R. C. L. 543; Lake v. Hancock, supra; Bush v. Adams, 22 Fla. 177. The application of this doctrine to this case is disputed. It is contended that this case is clearly distinguishable from cases falling within that class, upon the theory that the purchase of the lot by the vendee at an execution sale under a judgment against the vendor subsequent to the contract of sale, is not the acquisition of an outstanding title within the meaning of this general rule.

Upon this point the authorities are not uniform. Some hold that in such a case the doctrine applies which estops a vendee in possession from acquiring an outstanding title.

Others hold that in this class of cases the rule does not apply. It is urged that a vendee, by purchase at an execution sale against the vendor upon a judgment subsequent to the contract, does not acquire an outstanding title, but the title itself of the vendor; that the vendor's title is to be swept away by the sale, and that in bidding and becoming the purchaser, if he be the highest bidder, the vendee does nothing that redounds to the disadvantage of his vendor.

We think, however, the sounder rule is that which holds that such sale does not operate to extinguish the vendor's rights, and that a vendee, who is the purchaser at the sale while he remains in possession of the property under the contract, as alleged in the bill of complaint in this case, is entitled to defend only to the extent of the amounts paid by him. 39 Cyc. 1932; Sanford v. Cloud, 17 Fla. 557; Champlin v. Dotson (Miss.) 13 Smedes & Marshall, 553, 53 Am. Dec. 102 and note; English v. English, 69 Ga. 636; M'Ginnis v. Noble (Pa.) 7 Watts & Sergeant 454. The rule invoked in its essence estops the vendee, in possession under an executory contract to purchase, from acquiring rights inconsistent with the title of his vendor, or upon which, as against his vendor or his successor, he may deny liability upon the contract under which he acquired possession. He is not permitted, while continuing in possession under the contract, to deny its obligation. Sanford v. Cloud, *supra.* In this case he should be allowed credit for amounts paid on the contract prior to the sale, amount paid at the execution sale, and amounts paid in discharge of liens antedating the contract, with interest at the legal rate on each of said amounts.

Subsequent purchasers are chargeable with notice of Georgianni's interest, as disclosed by the record and as in-

154     SUPREME COURT OF FLORIDA.

quiry would have revealed, and can claim no greater interest than he possessed. So the order is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.