C. M. HILLIARD, *Plaintiff in Error*, v. D. J. FUTCH, N. E. BROWN, R. O. FERGUSON, ANNIE F. CALDWELL, by her Husband, ALBERT CALDWELL, T. P. JORDAN, F. H. YOUNG, GEORGE L. COLBURN and LEO J. GELBERG, *Defendants in Error*.

Division B.

Opinion filed March 26, 1930.

Petition for rehearing denied May 20, 1930.

*Cone & Chapman*, for Plaintiff in Error;

*J. B. Hodges*, for Defendants in Error.

BUFORD, J.—In this case there was a contract for purchase and sale of real estate; Hilliard being the proposed

vendor and Futch et al., the proposed vendees. Futch paid $1600.00 to Hilliard. The contract contained the two following pertinent clauses:

"It is hereby especially understood and agreed that the present owner shall furnish abstract of the above described property brought down to date, showing title to be good or made good within a reasonable time, also all necessary papers conveying said property to the purchaser, said papers to be exchanged and monies to be paid at the office of Brown Realty & Abstract Company, of Lake City, Florida. In the event the purchaser shall fail to comply with his part of this agreement this deposit shall be forfeited as liquidated and stipulated damages. If the present owner does not approve of this contract, or if he cannot furnish good title to the above property, or for any reason same can not be delivered, this deposit shall be returned to the purchaser."

An abstract was delivered in due course which showed certain material defects in title, as it was alleged. The defects were pointed out by letter of opinion of attorney.

It appeared that the defects in title could only be cured by proper litigation prosecuted to conclusion to remove clouds from title. Hilliard filed suit, making numerous parties defendant, for the purpose of obtaining a decree adjudicating the title of the property to be vested in him without cloud. Upon ascertaining that for Hilliard to be in position to convey the property showing a clear record title it would be required that he institute and prosecute to successful termination a suit for that purpose, Futch demanded return of the money paid under the contract. This was declined and suit was filed. A suit under like circumstances was filed and prosecuted in the case of Reese v.

656

Levin, opinion filed September 11, 1929, reported 123 So. R. 809. The chief difference was that that was a suit in chancery, while this is a suit at law. The rules of law, however, enunciated in the case of Reese v. Levin, *supra,* are applicable to. the case at bar in so far as the right of recovery under such circumstances is concerned.

The question of the remedy to be invoked was discussed in the opinion in the case of Leesburg State Bank, as Trustee, et al., v. Lyle, opinion filed at this term of the Court, and the rule enunciated in that opinion as to the availability of the remedy here invoked applies. See also Cox v. Grose, 122 So. R. 513.

For the reasons stated the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

ELLIS AND BROWN, J. J., concur in the opinion and judgment.

TERRELL, C. J., not participating.