FRANKLIND W. TYLER v. DICK RUDISILL.

155 So. 353.

Decision Filed January 2, 1934.

Opinion on Rehearing Filed June 5, 1934.

Carr & Carr & Carr, for Plaintiff in Error;

James J. Jackson, for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems. to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the circuit court be, and the same is hereby affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.

BROWN, J., dissents.

## On Rehearing.

Per Curiam.—This case is before us after rehearing on petition granted after a per curiam order of affirmance was entered herein on January 2, 1934.

The judgment was in favor of the plaintiff in a suit based on an alleged breach of a warranty of title clause contained in a warranty deed made and executed by the plaintiff in error and his wife to the defendant in error, Dick Rudisill, who was plaintiff in the court below.

There are a number of errors assigned. We shall not attempt to discuss them in detail.

The record shows that one Clawson agreed to purchase a certain tract of land from Marion B. Crouch and Frank P. Crouch and agreed to pay for the same in instalments.

The record further shows that the plaintiff Rudisill entered into a contract with Clawson to purchase this property and under such contract for the purchase from Clawson he went into possession of the property. While he was in possession of the property under a contract of purchase from Clawson he procured a warranty deed from the defendants and on claiming adversely to Clawson under that warranty deed, Clawson brought an ejectment suit against Rudisill wherein a judgment was obtained by Clawson and Rudisill was ousted from possession of the property. Then Rudisill sued the Tylers on the warranty of title clause in the deed.

When these facts are considered other matters contained in the record become immaterial. Rudisill could claim nothing under a deed which he procured from a third party while he was in possession of the land under a contract to purchase it from Clawson. It is elementary that a vendee in possession who acquired an outstanding title adverse to his vendor by whom possession was delivered to him takes

such title as trustee for the vendor and acquires no rights thereunder adverse to his vendor. That this state of facts existed was sufficiently put in issue by the defendant's pleas to the amended counts 3, 4 and 5 of plaintiff's declaration, which said pleas appear to have been filed on July 10, 1931, and the allegations of the pleas were sufficiently sustained, if not otherwise, by the testimony of the plaintiff.

With these facts in mind, it appears that everyone connected with the case lost sight of the controlling legal factor in the case.

The record shows affirmatively that there has been no breach of the warranty of title covenant in the deed for the following reason: When Rudisill, being in possession of the property under a contract to purchase from Clawson, took the deed from the Tylers he, in law, took it as trustee for his vendor who had placed him in possession of the property and under whose possession he then held and the title, if any, conveyed by the deed inured to his vendor, Clawson, and with the title there inured to the benefit of Clawson all covenants contained in the deed. Then when Clawson, after the execution and delivery of the deed with all its benefits inuring to him, brought an ejectment suit against Rudisill and prevailed in that suit he had whatever benefit which could have been conferred by the Tyler deed and the covenants therein contained. The judgment in ejectment in favor of Clawson became a final judgment and thereby such title as may have been had and held by the Tylers was confirmed in Clawson to whose benefit the Tyler deed to Rudisill inured. It follows that Clawson and all other persons who may have taken the deed from the Tylers for the benefit of Clawson are without grounds to assert that there was a breach of the covenant of warranty in the deed.

If these conclusions were not correct and Rudisill had any legal right to claim adversely to Clawson under the Tyler deed, then we would have to find that reversible error was committed by the court below sustaining the objection of the plaintiff's counsel to questions propounded to plaintiff on cross examination by counsel for the defendant which questions sought to elicit from the plaintiff as a witness material facts concerning the partial performance of the contract between Clawson and the plaintiff for the purchase of the property described in the deed, the breach of the warranty of title clause of which constituted the alleged cause of action. The plaintiff testified that he went into possession of the property so described under a contract with Clawson for its purchase and that he remained in possession at the time he received this deed and that he claimed possession under the deed after that time. It then (if Rudisill could in any event claim rights flowing to him under the deed as an individual and not as trustee) became a material question about which he should have been required to testify as to whether or not he had made payments on the property in the execution of his contract of purchase, and whether or not he had represented to Clawson that he had paid the amount which he testified he did pay to Tyler as a part payment under his contract with Clawson, and whether or not he had asked and received credit for this sum on his contract with Clawson. When he testified that he paid Tyler a certain amount for the deed then it became the right of defendant to cross examine him as to whether or not as a matter of fact he paid that amount as a part of his debt to Clawson and claimed to Clawson the payment of such amount as a part payment of his debt.

The transcript of the record in this case is in such condition that it has been extremely hard, for this Court to

understand just what the issues were in the court below and what facts were disclosed by the record, but after a second oral argument of the case and a careful perusal of the record for the second time, our conclusion is that the plaintiff, Rudisill, was not entitled to recover a verdict for any amount in this case and he could not recover unless he could show that after going into possession of the property under a contract with Clawson he delivered up that possession and afterwards procured a deed from third parties under which he went into possession and claimed title and which title under such conditions failed.

For the reasons stated, the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

BROWN, J. (concurring).—Rudisill never did pay Clawson the amount provided for in his contract of purchase. The Tylers were supposed to have succeeded to the title held by Crouch, Clawson's vendor. Rudisill paid the comparatively small balance due by Clawson to Crouch and took deed from Tyler to himself in his own name, but still owed Clawson a large balance on purchase price. See Bush v. Adams, 22 Fla. 177, and Latin-American Bank v. Rogers, 87 Fla. 147.