**MARGARET C. PERKINS and EMMIE FLAGG PERKINS v. JACK W. SIMMONS.**

15 So. (2nd) 289

October 19, 1943

June Term, 1943

Division A

*Oven, Stanley & Oven* and *B. C. Stanley,* for appellants.

*Ausley, Collins & Ausley,* for appellee.

PER CURIAM:

This suit is the outgrowth of a verbal agreement to buy and sell a piece of real estate situated in Leon County, near the City of Tallahassee, Florida. The appellants (defendants below), Margaret C. Perkins and Emmie Flagg Perkins, owned or controlled the title to the real estate and by their broker represented to appellee (plaintiff below) that the tract contained 235 acres, more or less. The appellee, with the broker, viewed or inspected the tract and thereafter the appellee offered the appellants' broker the sum of $65,000.00 for 235 acres. The broker, in behalf of his clients, accepted the offer, when the appellee paid him the sum of $1,000.00, as a binder, when they transferred the item to their respective attorneys, with instructions to prepare a written option containing terms and conditions to be made satisfactory to the parties.

During the period counsel was engaged in working out the terms and conditions of the written option for examination and approval of the parties thereto, it developed that the appellants did not own or control and could not convey to the appellee the 235 acres but could convey 178 acres, but if designated streets and road were included, then 216 acres could be conveyed. This fact was then made known to the appellee, when he immediately rescinded and cancelled the verbal agreement and demanded the return of the $1,000.00 previously paid, and upon refusal of the appellants to return the money, a common law action was by him instituted in the Circuit Court of Leon County, ultimately resulting in a verdict and judgment in his behalf, when the appellants perfected their appeal here.

Counsel for appellants pose for adjudication here the question viz: Where one has agreed to buy a tract of land that he had closely inspected on two occasions and knew that the statements of the vendors' agents as to the number of acres contained in that tract were based upon the acreage appearing on the tax assessment roll, such statements having been made in good faith, and where the agreed purchase price was not an equimultiple of the number of acres stated to have been contained in the tract, may the purchaser decline to

consummate the sale and recover the binder given by him because the option later delivered to his attorneys described the acreage of the tract as being considerably less than that set forth in the statements of the vendors' agents?

Counsel for appellants contend that the deficiency in quantity of the land verbally contracted to be conveyed, consisting of only 19 acres if the roads and streets are included and 57 acres if the roads and streets are excluded, as reflected by the record, is not a material condition to the transaction; that the appellee viewed or inspected the tract, observed the boundaries, roads and streets within the tract, was granted full opportunity to see and observe the good and bad features of the tract, and for these several reasons can not recover the $1,000.00 binder paid, although the agent admitted that the appellants had assessed and paid taxes on the tract consisting of 235 acres. On the other hand, the appellee contended that the number of acres—represented as comprising 235—was a material condition to the trade or transaction and when advised of the above shortage, he immediately rescinded and cancelled the verbal agreement under which he paid the $1,000.00. The right of the plaintiff below to maintain this common law action was not challenged. See Hilliard v. Futch, 99 Fla. 654, 127 So. 341; Cox v. Grose, 97 Fla. 848, 122 So. 513.

The case of Phifer v. Steenburg, 65 Fla. 555, 64 So. 265, involved a contract of purchase of land which stated the quantity to be 3500 acres, more or less. The seller could not convey the 3500 acres provided for in the contract of purchase but could convey 2960 acres. The agent of the seller represented to the buyer that the tract consisted of 3500 acres, more or less. We held that the deficiency of 540 acres in a total of 3500 was a gross deficiency entitling the buyer to an abatement from the agreed purchase price of the entire tract upon the basis of an acreage valuation, and that a bill of complaint in equity praying for such relief contained equity. The rule was re-affirmed by this Court in Firstbrook v. Buzbee, 101 Fla. 876, 132 So. 673, in which the deed described five acres, more or less, at the price of $550.00 per acre, but it subsequently developed by a survey that only four

acres were conveyed. We held that the grantee in the conveyance, under the law, had a right to rescind the contract of sale or affirm it and recover damages for the losses sustained.

Black on Rescission and Cancellation, Vol. 1 (2nd ed.) par. 144, pp. 430-32, states the rule viz:

"Where a tract of land has been sold in gross for a specific price,—that is, not at a price of so much per acre or per square foot,—and it appears that there has been a material mistake as to the quantity, the land conveyed being substantially more or less than the quantity contracted for or named in the deed, the mistake being innocent and shared by both parties, a court of equity will give relief by rescinding the contract provided there is no remedy at law adequate to the particular case . . . On the other hand, a case for rescission is made out of the mistake as to the quantity of the land is so material that the agreement would not have been made if the truth had been known or if the deficiency is so great as to amount to a failure of consideration, or so great as to suggest fraud on the part of the vendor. Again, if it is shown that it is important for the object which the purchaser has in mind that he should have just the quantity of land which he believed he was to acquire, a deficiency in quantity, even though not very great, may be ground for rescinding the sale. And this rule will apply also in cases where the vendor is unable to make title to a particular portion of the tract, and that portion includes the chief elements of value in the whole estate, such as the dwelling house, the spring, and the most valuable improvements.

"As to just what quantity of land may be regarded as 'material,' in this connection, no fixed rule can be established, but each case must be governed by its particular circumstances. And naturally, a difference must be made between agricultural or rural property on the one hand, and city building lots on the other. . . ."

See Dunlap v. Dunlap, 12 Wheat. (U.S.) 582 6 L. Ed. 735; Clarke v. Reader, 158 U.S. 505, 15 Sup. Ct. 849, 39 L. Ed. 1070; Miller v. Wissert, 38 Okla. 808, 134 Pac. 62; Thompson

on Real Property, Vol. 8 (Perm. ed.) par. 4580 (4291), pp. 523-26.

An offer to sell and the acceptance of the offer make a binding contract between the parties. . The law requires that there must be a meeting of the minds of the parties as to the essential elements contained or incorporated in the offer, as well as the essential elements incorporated in the acceptance. The parties must mutually assent to each of the terms and conditions of both the offer and the acceptance in order to be a meeting of the minds and the closing of a lawful and binding contract. See Frissel v. Nichols, 94 Fla. 403, 114 So. 431; Thompson on Real Property, Vol. 8 (Perm. ed.) par. 4555. The essential elements of the offer and the acceptance between the parties, as appear from the record, were never settled and agreed upon by the contracting parties.

We fail to find error in the record, and accordingly, the judgment appealed from is hereby affirmed.

BUFORD, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.